UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DONNA B. BOKMA, and DANIEL SAMSIL, on behalf of themselves and all others similarly situated,<br><br>   *Plaintiffs*,<br><br>v.<br><br>PERFORMANCE FOOD GROUP, INC.<br><br>   *Defendant*. | Case No. 3:24-cv-00686 (DJN)<br><br>CLASS ACTION |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

**I. INTRODUCTION**

ERISA specifically provides that "***nothing***" in its nondiscrimination provision (Section 702(b)/29 U.S.C. § 1182(b)) "shall be construed…to prevent a group health plan…from establishing premium discounts or rebates…in return for adherence to programs of health promotion and disease prevention." 29 U.S.C. § 1182(b)(2) (emphasis added). Here, Plaintiffs attempt to hold Defendant liable for doing just that. Plaintiffs base their claims on alleged technical violations of U.S. Department of Labor ("DOL") regulations for wellness programs. However, Plaintiffs have not alleged any injury traceable to these alleged violations, and thus do not have standing to bring their claims. Further, Plaintiffs have not alleged a fiduciary act such that liability may attach to Defendant for any alleged violations. For these reasons, and as stated below, Plaintiffs do not have standing to bring their claims, and fail to plausibly allege a claim for relief.

As a result, the Court should dismiss their First Amended Class Action Complaint in its entirety and with prejudice.

## II.   ARGUMENT

### A.   Plaintiffs Lack Standing Because They Have Suffered No Concrete Injury.

In their Opposition (ECF 20, "Pl. Opp."), Plaintiffs assert they have established Article III standing by alleging (1) payment of an annual surcharge as part of Defendant's wellness program and (2) noncompliance with DOL regulations by that wellness program. Pl. Opp. at 9. However, Article III standing requires an "injury in fact" that is "fairly traceable to the challenged conduct of the defendant" and "likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (holding that allegations of a "bare procedural violation" are not sufficient to establish Article III standing). Importantly, "deprivation of a procedural right without some concrete interest that is affected by the deprivation … is insufficient to create Article III standing." Summers v. Earth Island Inst., 555 U.S. 488, 496 (2009). Here, Plaintiffs fail to establish standing because they have not demonstrated the alleged injury (payment of the surcharge) is "fairly traceable" to the wellness program's alleged violations.

Plaintiffs allege the wellness program fails to comply with DOL regulations for two primary reasons: (1) the "full reward" is not available to individuals who complete the Quit 4 Life program mid-year, and (2) plan materials provide insufficient notice of a reasonable alternative standard. Pl. Opp. at 9. Neither of these alleged violations affect Plaintiffs' surcharge payments. Plaintiffs do not allege, for example, that they participated in the Quit 4 Life program but failed to receive the "full reward" to which they would have been entitled. Likewise, they do not allege they were eligible to participate in a reasonable alternative standard (which, under DOL regulation, is only available to individuals for whom it is "unreasonably difficult due to a medical condition

2

to satisfy the otherwise applicable standard" or "medically inadvisable" to attempt to do so). See 29 C.F.R. § 2590.702(f)(4)(iv).  Further, Plaintiffs do not allege they suffered in any way as a result of the alleged insufficient notice.  For example, they do not allege that they would have requested a physicians' accommodation; or that the insufficient notice resulted in their failure to participate in Quit 4 Life.  Thus, Plaintiffs failed to establish they suffered any injury attributable to the wellness program's alleged noncompliance with DOL regulations.  For this reason alone, Plaintiffs' First Amended Complaint should be dismissed.

        **B.**        **Plaintiffs Fail to Allege Violation of ERISA.**

In Counts I and II, Plaintiffs seek equitable remedies under 29 U.S.C. § 1132(a)(3) related to their claim that Defendant imposed a discriminatory tobacco surcharge by failing to comply with the 2013 DOL regulations establishing criteria for wellness programs.[1]  In their Opposition, relying primarily on a brief filed by the DOL the Plaintiffs assert that Loper Bright does not change the level of deference granted legislative rules.  Pl. Opp. at 12-13.  However, this ignores Defendant's argument that the 2013 regulations are inconsistent with the statutory directive that "nothing" in ERISA's nondiscrimination provision "shall be construed…to prevent a group health plan…from establishing premium discounts or rebates…in return for adherence to programs of health promotion and disease prevention." 29 U.S.C. § 1182(b)(2).  Regardless, Plaintiffs claims still fail because they do not successfully allege a violation of the DOL regulations.

---

[1] To state a claim under 29 U.S.C. § 1132(a)(3), Plaintiffs must show: (1) that Defendant was a fiduciary, (2) that Defendant breached its fiduciary responsibilities, and (3) equitable relief is necessary to remedy the breach. Moore v. Verizon Commc'ns, Inc., No. 1:22-cv-51, 2022 WL 16963245, at *7 (E.D. Va. Nov. 15, 2022), aff'd, No. 22-2284, 2024 WL 399076 (4th Cir. Feb. 2, 2024). Thus, Plaintiffs' 29 U.S.C. § 1132(a)(3) claims (Counts I and II) also fail because Plaintiffs do not allege a fiduciary act by Defendant, as discussed in Section II.C.i of this Reply.

### i.  No requirement to provide "full reward" for mid-year qualification.

Plaintiffs incorrectly assert that the "full reward" must be available to participants who meet the standard mid-year. In support of their proffered interpretation of the DOL regulations, Plaintiffs cite language included in the preamble to the 2013 regulations, which provide that "while an individual may take some time to request, establish, and satisfy a reasonable alternative standard, the same full reward must be provided to that individual as is provided to individuals who meet the initial standard for that plan year." Pl. Opp. at 5. However, the preamble additionally forecast "future subregulatory guidance to provide additional clarity." 78 Fed. Reg. 33158, 33159. And in 2014, the DOL, in conjunction with the U.S. Department of Health and Human Services, and the U.S. Department of the Treasury (the "Tri-Agencies"), rejected Plaintiffs' interpretation of the 2013 regulations. The Tri-Agencies issued joint guidance to clarify that an individual who participates in a reasonable alternative standard midyear may receive a pro-rated award, explaining:

> If a participant is provided a reasonable opportunity to enroll in the tobacco cessation program at the beginning of the plan year and qualify for the reward (i.e., avoiding the tobacco premium surcharge) under the program, the plan is not required (but is permitted) to provide another opportunity to avoid the tobacco premium surcharge until renewal or reenrollment for coverage for the next plan year. ***Nothing, however, prevents a plan or issuer from allowing rewards (including pro-rated rewards) for mid-year enrollment in a wellness program for that plan year***.

See U.S. Dep't. of Labor, <u>FAQs About Affordable Care Act Implementation (Part XVIII) and Mental Health Parity Implementation</u>, Jan. 9, 2014 (available at: https://www.dol.gov/sites/dolgov/files/EBSA/aboutebsa/our-activities/resource-center/faqs/affordable-care-act-implementation-faqs-part-xviiimental-health-parity.pdf). The Tri-Agencies issued this guidance as a fulfillment of its promise to issue "future subregulatory guidance to

provide additional clarity" on its 2013 regulations. Id.; 78 Fed. Reg. 33158, 33159.[2]  And, as Plaintiffs acknowledge in their Opposition, an agency's interpretation of its own regulations is entitled judicial deference. Auer v. Robbins, 519 U.S. 452 (1997); Pl. Opp. at 2-3; 13-15.  Thus, Plaintiffs' allegations do not amount to a violation of ERISA, or its implementing regulations.  As a result, Count I should be dismissed.

### ii. No requirement to provide "full reward" for mid-year qualification.

In their Opposition, Plaintiffs concede that the "text of ERISA § 702 may not call for physician notice," and instead rely merely on language from the ***preamble*** to the 2013 regulations for their assertion that the notice for full reward is mandatory. Pl. Opp. 16-17.  This reliance is misplaced and cannot be found in ERISA's statutory text.  Accordingly, because Plaintiffs have not alleged a specific violation of ERISA, or its implementing regulations, Count II should be dismissed.

### C. Plaintiffs Do Not State a Claim for Fiduciary Breach

#### i. Plaintiffs do not allege a fiduciary act.

At their core, Plaintiffs' claims challenge the terms and design of Defendant's wellness program.  It is well-settled that an employer ***does not*** "act as a fiduciary simply by performing settlor-type functions such as establishing a plan and designing its benefits." Sonoco Prods. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 373 (4th Cir. 2003) (citing Lockheed Corp. v. Spink, 517 U.S. 882 (1996)); Sec'y of Labor v. Macy's, Inc., 2022 WL 407238, at *3 (S.D. Ohio Feb. 10, 2022) (where the "allegedly violative conduct…consisted of creating the terms of [the tobacco

---

[2] Without support, Plaintiffs assert the 2014 Tri-Agency FAQs are entitled to less deference than DOL's preamble to its 2013 regulations.  However, language in a preamble is not due the same weight as language in a regulation.

surcharge wellness program]," plaintiffs challenge action taken in a settlor function, and cannot support a fiduciary breach claim).

In their Opposition, Plaintiffs attempt to recharacterize their claims as a challenge to specific acts, instead of the overall design of the wellness program. Pl. Opp. 17-18. Specifically, Plaintiffs assert Defendant exercised sufficient discretion to confer fiduciary status by processing and collecting surcharges, and deciding not to retroactively reimburse surcharges to participants who completed Quit 4 Life mid-year. Id. However, Plaintiffs do not allege a specific decision not to reimburse the surcharges—indeed, neither Plaintiff alleges to have participated in the Quit 4 Life program or that they are owed retroactive reimbursement. Without such allegations, Plaintiffs' challenge cannot be more than a challenge to the plan design.

Recognizing this problem, Plaintiffs attempt to skirt the issue and try to rely on allegations that a representative for Defendant informed participants at a meeting on the tobacco surcharge that participants could have the surcharge removed only on a go-forward basis; and that Defendant collected and processed surcharges based on participant self-attestations. ECF 16, First Amended Class Action Complaint ("Am. Compl."), ¶¶ 30, 72-73. However, such allegations amount only to "ministerial administrative acts," and are not fiduciary in nature. See 29 C.F.R. § 2509.75-8 (an individual who advises participants on their rights and options under a plan acts in a purely administrative function); see also HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross, 101 F.3d 1005, 1009 (4th Cir. 1996) (the limited role in processing claims and reading a computer screen to determine who is covered by a plan is not a fiduciary act). Therefore, because Plaintiffs have not alleged a fiduciary act, their claim for breach of fiduciary duties (Count III) under 29 U.S.C. § 1104 and 29 U.S.C. § 1106 should be dismissed.

    **ii.  Plaintiff does not allege breach of any fiduciary duty.**

Even if Plaintiffs successfully allege a fiduciary act—which they have not—Plaintiffs' claim still fails because they have not alleged disloyalty, imprudence, or a violation of ERISA or the plain terms of the Plan. See generally 29 U.S.C. § 1104. As discussed in Section II.B, Plaintiff does not allege a violation of Plan terms or of ERISA; and actions *consistent* with Plan terms and ERISA do not constitute a fiduciary breach. Second, ERISA's duty of loyalty does not require a fiduciary to resolve every issue in favor plan participants. Here, Plaintiffs do not allege Defendant was motivated by self-interest in designing and implementing the wellness program, and so they have not stated a claim for breach of loyalty. Reetz v. Aon Hewitt Inv. Consulting, Inc., 74 F.4th 171, 182 (4th Cir. 2023). Lastly, Plaintiffs' claims lack the context-specific allegations required to state a claim of imprudence. See Fifth Third Bancorp v. Dudenhoeffer, 573 U.S. 409, 425 (2014). Thus, even if Plaintiffs successfully allege a fiduciary act, they fail to allege a violation of any duty owed to plan participants, and their claim (Count III) should be dismissed.

### III. CONCLUSION

For the foregoing reasons, and those that may be stated at a hearing on this matter, the Court should dismiss Plaintiffs' First Amended Class Action Complaint with prejudice.

**PERFORMANCE FOOD GROUP, INC.**
By Counsel

*/s/ Peter N. Farley*
Peter N. Farley (VSB # 34592)
Carolyn M. Trenda (*Pro Hac Vice* forthcoming)
Sarah M. Tomasello (VSB # 92927)
McGuireWoods LLP
Promenade
1230 Peachtree Street N.E., Suite 2100
Atlanta, GA 30309-3534
(404) 443-5500 (Telephone)
(404) 443-5599 (Facsimile)
pfarley@mcguirewoods.com

ctrenda@mcguirewoods.com
stomasello@mcguirewoods.com
*Counsel for Defendant PFG*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following registered filing users:

Christopher Williams
Oren Faircloth
David J. DiSabato
Siri & Glimstad LLP
745 Fifth Avenue, Suite 500
New York, New York 10151
Telephone: 212-532-1091
Email: cwilliams@sirillp.com
Email: ofaircloth@sirillp.com
Email: ddisabato@sirillp.com
*Counsel for Plaintiff and the Proposed Class*

/s/ Sarah M. Tomasello
Sarah M. Tomasello (VSB # 92927)
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons, Virginia 22102
(703) 712-5463 (Telephone)
(703) 712-5246 (Facsimile)
stomasello@mcguirewoods.com
*Counsel for Defendant PFG*