IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DONNA M. BOKMA and DANIEL
SAMSIL, *on behalf of themselves
and all others similarly situated*,
    Plaintiffs,

    v.                                      Civil No. 3:24cv686 (DJN)

PERFORMANCE FOOD GROUP, INC.,
    Defendant.

## ORDER
### (Preliminarily Approving Class Action Settlement and
### Scheduling Final Approval Hearing)

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary

Approval of Class Action Settlement. (ECF No. 45 ("Motion").) Plaintiffs Donna M. Bokma

and Daniel Samsil ("Plaintiffs"), individually and on behalf of the proposed Settlement Class,

and Defendant Performance Food Group, Inc. ("PFG") have entered into a Settlement

Agreement dated October 16, 2025 (ECF No. 43-1 (the "Agreement" or "Settlement")), which is

subject to review by the Court under Federal Rule of Civil Procedure 23(e).

Plaintiffs' Motion seeks: (a) certification of the Settlement Classes for settlement

purposes under Rule 23(a), Rule 23(b)(1) and 23(e); (b) appointment of Class Representatives of

the Settlement Class; (c) appointment of Plaintiffs' counsel as Class Counsel; (d) appointing a

settlement administrator; (e) enjoining class members from pursuing any claims that arise out of

or relate in any way to the released claims pending final approval of the settlement; and (f)

scheduling a fairness hearing. Pursuant to Rule 23, Plaintiffs also seek an order preliminarily

approving the Settlement in accordance with the Agreement and directing the issuance of Notice

to the Settlement Classes as more fully described herein.  The Settlement provides for PFG to

pay $4,700,000 into a non-reversionary Qualified Settlement Fund and distribute cash, by check,

to nearly 18,500 Class Members based on the amount of tobacco surcharges they paid during the

Class Period. (ECF No. 43-1.)

Having reviewed Plaintiffs' Motion along with the Agreement and its exhibits and having

conducted a hearing in this matter on December 3, 2025, the Court finds that substantial and

efficient grounds for certification and preliminary approval exist and ORDERS the following:

1.    For purposes of this Preliminary Approval Order, all capitalized words have the

same meaning as they have in the Agreement.

2.    **Settlement Class Certification:**  Pursuant to Federal Rules of Civil Procedure

Rules 23(a) and 23(b)(1), and for purposes of settlement only, the Action is hereby preliminarily

certified as a class action on behalf of the following non-opt-out Settlement Class: All

individuals residing in the United States who paid a tobacco surcharge in connection with their

participation in the Plan from September 30, 2018 through the date of preliminary approval.

3.    Pursuant to Fed. R. Civ. P. 23(e), the terms of the Agreement are preliminarily

approved and likely to be approved at the Final Approval Hearing, because

(A)  the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
    (i) the costs, risks, and delay of trial and appeal;
    (ii) the effectiveness of any proposed method of distributing relief to the
        class, including the method of processing class-member claims, if
        required;
    (iii) the terms of any proposed award of attorneys' fees, including timing
        of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

4.    **Settlement Class Findings:**  The Court finds, for purposes of settlement only, and without any adjudication on the merits, that the prerequisites for certifying the Action as a class action under Rules 23(a) and 23(b)(1) of the Federal Rules of Civil Procedure have been satisfied, and that the Court will likely certify the Settlement Classes at the final approval stage. As to Rule 23(a), the court finds that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed Class Representative are typical of the claims of the Settlement Class Members; (d) the proposed Class Representative and proposed Class Counsel have and will fairly and adequately represent the interests of the Settlement Class.

5.    The numerosity requirement is satisfied because joinder of all parties would be impracticable. *See* Fed. R. Civ. P. 23(a)(1). While "no specified number is needed to maintain a class action," the size of the Settlement Class here, consisting of approximately 18, 497 class members, unquestionably satisfies the numerosity requirements. *See, e.g.*, *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984).

6.    Commonality is satisfied where at least one issue of law or fact is common to the class. *See Mr. Dee's Inc. v. Inmar, Inc.*, No. 23-2165, 2025 WL 467566, at *3 (4th Cir. Feb. 12, 2025); *see also* Fed. R. Civ. P. 23(a)(2). Here, common issues of fact and law include questions arising from the management of Defendant's Plan as a whole. Resolution of those issues as to Plaintiffs will resolve them for the Settlement Class as well and would rely largely on the same evidence as would be necessary to prove any other Settlement Class Member's claims.

7.    To satisfy the typicality analysis, the proposed class representative must show that he or she is "part of the class and possess[es] the same interest and suffer[ed] the same injury as the class members." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001); *see also*

3

Fed. R. Civ. P. 23(a)(3).  Typicality is satisfied if the proposed class representative's claims "fairly encompass those of the entire class, even if not identical." *Fisher v. Va. Elec. & Power Co.*, 217 F.R.D. 201, 212 (E.D. Va. 2003).  Here, Plaintiffs appear to be typical because they are current and former participants in the Plan, as are all other Settlement Class Members.

8.      Finally, the adequacy analysis requires the Court to find that the Class Representatives and Class Counsel will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Here, Plaintiffs have no conflicts with other Class Members, vigorously pursued the Action so far and appear to be capable of continuing to do so.  Further, Class Counsel appears qualified, competent, and experienced in class action lawsuits.  Rule 23(a)(4) thus appears to be satisfied.

9.      As to Rule 23(b)(1), the Court finds that the Class Representatives assert claims on behalf of the Plan as a whole, and prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and would be dispositive of the interests of other class members as a practical matter or would substantially impair or impede their ability to protect their interests.  Federal R. Civ. P. 23(b)(1).

10.     **Appointment of Class Representatives and Class Counsel:**  The Court hereby finds and concludes pursuant to Rule 23, and for purposes of settlement only, that Plaintiffs Donna Bokma and Daniel Samsil are adequate class representatives and certifies them as Class Representatives on behalf of the Settlement Class.

11.     In appointing class counsel, Rule 23(g) requires the Court to consider (1) the work counsel has done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in

4

the action, (3) counsel's knowledge of applicable law, and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court also may consider any other matter pertinent to counsel's ability to represent the class. Fed. R. Civ. P. 23(g)(1)(B). The Court finds that proposed Class Counsel from the law firm of Siri & Glimstad LLP have expended a great deal of time, effort, and expense investigating the claims at issue in this action. It is clear from their track-record of success, as outlined in their resumes, that Class Counsel are highly skilled and knowledgeable concerning class-action practice. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court therefore appoints Siri & Glimstad LLP as Class Counsel with respect to the Settlement.

12.    **Preliminary Approval of the Settlement:** The Court hereby preliminarily approves the Settlement, as embodied in the Agreement, as being fair, reasonable, and adequate, and in the best interest of the named Plaintiffs and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. The Settlement meets the considerations set forth in Rule 23(e) and *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir. 1991).

13.    When evaluating the fairness of a settlement, the Court must evaluate the settlement against the following criteria: (1) the posture of the case at the time the settlement was proposed; (2) the extent of discovery conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel. *In re Jiffy Lube*, 927 F.2d at 159. As to the posture of the case, this Settlement was reached after the parties obtained a ruling on the motion to dismiss. Similarly, as to the extent of discovery, it appears that Plaintiffs' counsel obtained targeted discovery as to class-wide liability and damages. The provision of informal damages discovery is sufficient to satisfy the fairness factor. *In re Jiffy Lube*, 927 F.2d at 159

5

(recognizing that informal discovery can provide satisfactory information prior to preliminary approval). Thus, the first two fairness factors warrant preliminary approval.

14.     The third factor, circumstances surrounding the negotiations, also supports preliminary approval. *See id.* The Settlement was negotiated with the assistance of United States Magistrate Judge Mark R. Colombell. As such, the negotiations in this case appear to be the result of extensive, arm's length negotiations between the parties after Class Counsel and PFG's Counsel investigated the claims, litigated them, and became familiar with the claims' strengths and weaknesses. *See, e.g., Bicking v. Mitchell Rubenstein & Assocs., P.C.*, No. 3:11CV78-HEH, 2011 WL 5325674, at *5 (E.D. Va. 2011) (finding settlement fair where it was reached "under the supervision and direction" of a Magistrate Judge). The Settlement appears not to be collusive, has no obvious defects, and falls within the range of reasonableness.

15.     Class Counsel intends to seek an award of attorneys' fees not to exceed 33.33% of the Settlement Fund and a request for reimbursement of reasonable costs. The Agreement also authorizes Plaintiffs to seek service awards of $7,500. The Court will defer ruling on this request until the Final Approval Hearing.

16.     Accordingly, the Court preliminarily finds that the Settlement is fair.

17.     In assessing the adequacy of the Settlement, the Court looks to (1) the relative strength of the merits of the plaintiff's claims; (2) the existence of any difficulties of proof or strong defenses the plaintiff will encounter at trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendant and likelihood of recovery; and (5) the degree of opposition to the Settlement. *In re Jiffy Lube*, 927 F.2d at 159. While the fifth factor cannot be evaluated until after notice is provided to the class, the first four factors appear satisfied.

6

18.     The first and second factors, which are generally considered together, evaluate "how much the class sacrifices in settling a potentially strong case in light of how much the class gains in avoiding the uncertainty of a potentially difficult one." *In re The Mills Corp. Securities Litig.*, 265 F.R.D. 246, 256 (E.D. Va. 2009). Here, it is clear that numerous factual and legal issues remain in dispute. Accordingly, the first two factors warrant preliminary approval.

19.     The likely duration and expense of continued litigation are also substantial. Settlement will avoid "returning the case to this Court for class and merits discovery, class certification, summary judgment, trial, and further appeals," favoring approval. *Solomon v. Am. Web Loan, Inc.*, No. 4:17cv145, 2020 WL 3490606, at *5 (E.D. Va. June 26, 2020).

20.     Finally, while the parties do not contend that PFG lacks financial resources, the fourth factor is "largely considered beside the point given the other factors weighing in favor of preliminary approval." *Id.*

21.     Accordingly, the Court preliminarily finds that the Settlement is adequate.

22.     The Court hereby authorizes Class Counsel and Defense counsel to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without the Court's further approval, minor form or content changes to the Notice that they jointly agree are reasonable or necessary.

23.     **Final Approval Hearing:** The Court will hold a Final Approval Hearing on Wednesday, April 22, 2026 at 11:00 a.m. The Final Approval Hearing will be conducted for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Agreement, is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether an order of Final Judgment should be entered

on the Settlement; (c) to determine whether the proposed plan of allocation and distribution of the Settlement Fund is fair and reasonable and should be approved; (d) to determine whether any requested award of attorneys' fees and costs, expenses, and service awards for the Class Representatives should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

24.    **Retention of Settlement Administrator and Manner of Notice:**  Class counsel may retain Rust Consulting, Inc. as the Settlement Administrator to supervise and administer the Notice Program, as well as the distribution of the Settlement Fund should the Court grant Final Approval.  Notice of the Settlement and the Final Approval Hearing shall occur through the Settlement Administrator as follows:

a.    Within fourteen (14) days after Preliminary Approval of the Settlement, PFG shall provide the Class Member List, as defined in the Settlement Agreement in Section 2.4.2, sufficient to implement the Plan of Allocation, and distribute the Net Settlement Amount on the terms provided for in the Agreement.  The Class Member List provided to the Settlement Administrator pursuant to this Order shall be used solely for the purpose of providing Notice of this Settlement and distribution of the Settlement Fund, and for no other purpose.

b.    Within ten (10) calendar days of receipt of the Class Member List from PFG, at the direction of Class Counsel and PFG's Counsel, the Settlement Administrator shall implement the Notice Program.  Notice shall be provided through long-form notice, which the Settlement Administrator will mail by first-class mail to each Class Member at their last-known address, using standard address-updating and re-mailing procedures for any returned mail.

8

c.      The Settlement Administrator shall also create and maintain a Settlement Website and a toll-free telephone number to which Class Members can direct questions about the Settlement.

d.      In advance of the Final Approval Hearing, the Settlement Administrator shall prepare an affidavit confirming that the Notice Program was completed, confirming that the Class Action Fairness Act notice requirements have been met, describing how the Notice Program was completed and identifying Settlement Class Members who timely filed objections, as well as providing other information as may be necessary.

e.      All reasonable costs incurred by the Settlement Administrator for providing the Notice as well as for administering the Settlement shall be paid as set forth in the Agreement.

25.    **Approval of Form and Content of Notice:**  The Court approves, as to form and content, the Notice Program, substantially in the forms attached as Exhibits to the Settlement Agreement.  The Court finds that the Notice Program: (a) is the best notice practicable under the circumstances, (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of their right to object to any aspect of the proposed Settlement and of their right to appear at the Final Approval Hearing; (c) constitutes due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the Rules of this Court, and all other applicable law and rules.  The date and time of the Final Approval Hearing shall be included in the Long Form Notice, respectively, before it is mailed or published.

26.    **Dissemination of Notice:**  The Court directs Class Counsel to disseminate the

9

Notice as set forth in the Settlement.

27.    **Objections to the Settlement:** The Class Notice shall also provide that any Settlement Class Member may object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs and expenses and/or a service award to the Class Representatives. Objections to the Settlement, to the application for fees, costs, expenses and/or to the service award must submitted in the time and manner set forth in the Agreement and Long Form Notice.

28.    For an objection to be considered by the Court, the objection must set forth:

a.    the objecting Class Member's full name, current address, and current telephone number;

b.    if the individual is represented by counsel, the name and telephone number of counsel;

c.    all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

d.    the identity of any witnesses the objector may call to testify;

e.    a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct copies of such exhibits; and

f.    a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel.

g.    a list of any other objections to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years.

10

29.     Class Counsel and/or PFG may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure.

30.     The Parties may file written responses to any objections not later than five (5) business days before the Final Fairness Hearing or submit an oral response at the Final Fairness Hearing.

31.     Any Settlement Class Member who does not make an objection in the manner provided herein shall be deemed to have waived the right to object to any aspect of the Agreement and/or to Class Counsel's application for attorneys' fees, costs and expenses and/or a service award to the Class Representatives, and shall forever be barred and foreclosed from raising such objections in this or any other proceeding.

32.     **Release of Claims Pending Final Approval:**  In further aid of the Court's jurisdiction to review, consider, implement, and enforce the Settlement, the Court orders that Plaintiffs, all Class Members and the Plan are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, individually, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, arbitration forum, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or action (including but not limited to actions pending as of the date of this Order), that arises out of or relates in any way to the Released Claims.

33.     **Stay:**  All pretrial proceedings in this action remain stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

11

34.     **Jurisdiction:** For the benefit of the Settlement Classes and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Agreement preliminarily approved herein and the related orders of this Court.

35.     **Termination of Settlement:** This Order shall become null and void, ab initio, and shall be without prejudice to the rights of the Parties, all of whom shall be deemed to have reverted to their respective status in the Action as of October 16, 2025 (for Plaintiffs and Defendant), if the Settlement is terminated in accordance with the terms of the Agreement.

36.     **Schedule:** The Court hereby sets the following schedule of events:

| Event | Deadline |
|---|---|
| Deadline for Defendant to Provide Class Member List to the Settlement Administrator | 14 days from Preliminary Approval |
| Deadline for sending Notice to Class Members and launching Settlement Website and toll-free hotline | 10 days from receipt of Class Member List from Defendant |
| Deadline to file Motion and Memoranda in support of, (1) Final Approval of Settlement and (2) Attorneys' Fees, Expenses, and Service Award | 45 days before Final Approval Hearing |
| Class Members' Objection Deadline | 28 days before Final Approval Hearing |
| Final Approval Hearing | April 22, 2026 at 11:00 a.m. |

37.     **Use of this Order:** This Order is not admissible as evidence for any purpose against the Defendant or the Released Parties in any pending or future litigation.

38.     This Order: (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any of the Defendant or the Released Parties of wrongdoing or liability in the Action or any other proceeding; (b) is not an admission

12

of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence

in any action or proceeding for any purpose, except in an action or proceeding to enforce the

Settlement Agreement, whether affirmatively or defensively; (d) shall not be construed or used

as an admission, concession, or declaration by or against Plaintiffs, the Plan, or the Class

Members that their claims lack merit or that the relief requested in the Action is inappropriate,

improper or unavailable; and (e) shall not be construed or used as an admission, concession,

declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have

in the event that the Agreement is terminated. This Order and the Settlement Agreement and any

proceedings taken pursuant to the Settlement Agreement are for settlement purposes only.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated:  December 4, 2025

13